RUSSELL, *et al., v.* SHUTE.

CONSTITUTIONAL LAW—*contracts for slaves.* Where a judgment was rendered upon a note given upon the purchase of a slave, and the statutory judgment accrued upon the delivery bond before the adoption of the Constitution of 1868, the former judgment was satisfied by the latter before that Constitution was adopted, and neither judgment is within the inhibition of section 14, article 15.

*Appeal from Phillips Circuit Court.*

Hon. JOHN E. BENNETT, Circuit Judge.

ENGLISH, GANTT & ENGLISH, for appellants.

GARLAND & NASH, for appellee.

HARRISON, J.

The appellants, who were complainants in the court below, sought by their bill to enjoin proceedings on a judgment against them in favor of the appellee, on a forfeited delivery bond, upon the ground that its collection was within the inhibition of section 14, article 15, of the Constitution of the State.

The original judgment, which was on a note given for the purchase of a slave, was rendered against Oscar F. Russell and Geo. W. Gray, on the 19th day of June, 1866, and the delivery bond, in which Lycurgus Cage, the other complainant, was the

security, was returned forfeited, and the statutory judgment accrued thereon at the May term, 1867, and before the adoption of the present Constitution.

The court, upon demurrer, for want of equity, dismissed the bill.

The provision of the Constitution relied upon by the complainant, as inhibiting the collection of the judgment sought to be enjoined, reads as follows:

"All contracts for the sale or purchase of slaves are null and void, and no court of this State shall take cognizance of any suit founded on such contracts; nor shall any amount ever be collected or recovered on any judgment or decree which shall have been, or which hereafter may be, rendered on account of any such contract or obligation, on any pretext, legal or otherwise."

The judgment upon the delivery bond had no connection whatever with the contract for the purchase of the slave.    That was merged in and extinguished by the original judgment, and that judgment was satisfied and extinguished by this, upon the delivery bond ; so that, at the time of the adoption of the Constitution, the judgment that had been rendered upon the contract for the purchase of the slave, had been satisfied, and no longer existed.    *Biscoe, et al., v. Sandefur, admr., et al.,* 14 *Ark.,* 568 ; *Phillips, et al., v. Wells, Pease & Co., ib.,* 595 ; *Dougherty v. McDonald, ib.,* 597 ; *Cochran v. Jordan,* 16 *Ark.,* 625 ; *Rector v. Harris, Norton & Co.,* 19 *Ark.,* 265 ; *Frazier v. McQueen, et al.,* 20 *Ark.,* 68 ; *Neale v. Jeter, ib.,* 98.

The grave question which may be raised, whether the provision of the State Constitution, above quoted, conflicts with that provision of the Constitution of the United States which prohibits the States from passing any law impairing the obligation of contracts, is not necessarily involved in the decision of the case, and we do not assume the responsibility of considering it.

The decree of the court below is affirmed.